IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RAY HOWARD<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 1:08-CR-045-DB |

This case comes before the court on Defendant Michael Ray Howard's motion to suppress evidence seized from his white Dodge Ram Charger on March 12, 2008 pursuant to a search warrant. Mr. Howard argues that the affidavit in support of the search warrant did not provide probable cause for issuing a search warrant of his vehicle, and that the good faith exception to the exclusionary rule outlined in *United States v. Leon* does not apply. 468 U.S. 897 (1984). The Court held a hearing on April 9, 2009. Mr. Howard was represented by Stephen R. McCaughey; the United States of America was represented by Richard D. McKelvie. After review and consideration of the briefs submitted by the parties and the oral arguments presented by counsel, the Court enters the following Memorandum Decision and Order.

**I. Factual Background**

On March 12, 2008, Officer Mike Tribe of the North Ogden Police Department submitted

an affidavit in support of a search warrant to Judge Patrick Lambert of the Second District Court, Weber County. The affidavit sought authorization to search "462 Doxey Street, Ogden, Utah: All outbuildings, garages, trailers, vehicles, locked containers and other property contained with the property lines (curtilage)"; and "1988, Dogde [sic] Ram Charger, White, UTAH 814DFR, VIN#34GW12W5JM806612." Based upon the information contained in the affidavit submitted by Officer Tribe, Judge Lambert authorized the search. Officer Tribe executed the search warrant and located several items of drug paraphernalia inside the residence and 164 grams of methamphetamine in the Ram Charger, which was parked at the curb immediately in front of the searched premises.

     The affidavit supporting the search warrant contained an extensive review of the drug trafficking activities engaged in by Mr. Howard and his live-in girlfriend, Melinda Davis, from September 8, 2007 to March 12, 2008, the day the search warrant issued. The affidavit states that on November 26, 2007, police were informed through the Tip-A-Cop Hotline of increasing drug activity at 4041 Palmer Drive. At the time, 4041 Palmer Drive apartment (B) was inhabited by Mr. Howard and Ms. Davis.

     Shortly after receiving this information, police observed the white Ram Charger described in the warrant during a drug transaction that occurred in the parking lot adjacent to Mr. Howard and Ms. Davis's residence. According to the affidavit, the buyer in that transaction had attempted to purchase a quarter ounce of methamphetamine from Ms. Davis, who was driving the Ram Charger, but eventually bought marijuana from her instead. The Ram Charger was registered to Mr. Howard. Later, during the course of surveillance of the 4041 Palmer Drive residence, Officer Tribe also saw the Ram Charger parked on the sidewalk in front of the

address.

After the incident in the parking lot, the police soon traced a methamphetamine sale to the inhabitant of 4041 Palmer Drive apartment (A), obtained a search warrant, and noted that the suspect in apartment (A) voiced his disappointment that the inhabitants of apartment (B) were not being similarly scrutinized. The police subsequently ran criminal history checks on both Mr. Howard and Ms. Davis and learned that both had been previously arrested on drug charges.

On January 17, 2008, Officer Tribe and members of the Weber Morgan Strike Force executed a narcotic search warrant of 4041 Palmer Drive apartment (B). The police seized methamphetamine, marijuana, a methamphetamine pipe, and syringes, all of which Mr. Howard later admitted were his. The affidavit then states that "[y]our Affiant later learned that Your Affiant had missed a portion of Michael Howard's methamphetamine that he had hidden in the engine compartment of his white 1998 Dodge Ram Charger, Utah listing 814PDF."

As a result of the January 17, 2008 event, Mr. Howard was charged with a crime and ordered to appear in Second District Court on March 10, 2008. Mr. Howard failed to appear at the hearing and a warrant was issued for his arrest. During this same time period, Officer Tribe received information from an anonymous source (who was known to Officer Tribe) that Mr. Howard had moved from Palmer Drive to 462 Doxey Street and that Mr. Howard was selling a pound of methamphetamine per week. The same anonymous source later reported that Mr. Howard would receive a large quantity of methamphetamine on March 12, 2008.

At 7 p.m. on March 12, 2008, Officer Tribe and members of the Weber Morgan Strike Force made contact with Mr. Howard in the driveway at his 462 Doxey Street address and arrested him on the outstanding state warrants. At the time of his arrest, Mr. Howard was in

possession of a bag of methamphetamine and a methamphetamine pipe, as well as three pills he stated were Lortab, a prescription narcotic. Mr. Howard indicated that the only other paraphernalia at his home were some syringes. Upon receiving this information, Officer Tribe obtained a search warrant for both Mr. Howard's residence and his vehicle, the white Ram Charger, in which police found 164 grams of methamphetamine. Mr. Howard challenges the constitutionality of this search under the Fourth Amendment, and accordingly seeks to suppress evidence of the methamphetamine seized from his automobile.

## II. Probable Cause

"Probable cause to issue a search warrant exists only when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Brasham*, 268 F.3d 1199, 1203 (citing *United States v. Wicks*, 995 F.2d 964, 972-73 (10th Cir. 1993)). In determining the sufficiency of an affidavit upon which a search warrant is based, this Court must look to the totality of the circumstances to ensure that the issuing magistrate had a "substantial basis for concluding that probable cause existed." *Basham*, 268 F.3d at 1203 (quoting *United States v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001)). "The task of the issuing judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (U.S. 1983); *see also United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000) ("Probable cause undoubtedly requires a nexus between suspected criminal activity and the place to be searched." (quoting *United*

*States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990))). Finally, an issuing magistrate's "determination of probable cause should be paid great deference by reviewing courts." *Id.* at 236 ("[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review.").

In the present case, Mr. Howard argues that there is an insufficient nexus between the suspected drug activity and Mr. Howard's automobile. The affidavit, however, lists several facts and circumstances that connect the Ram Charger to Mr. Howard's and Ms. Davis's drug activities. These facts and circumstances in turn support the issuing judge's conclusion that there was a "fair probability" that evidence of this illegal activity would be found in the vehicle. The affidavit states that the Ram Charger was observed in a drug transaction that occurred in the parking lot next door to his 4041 Palmer Drive apartment. It also related that the Ram Charger was registered to Mr. Howard and observed during surveillance of the 4041 Palmer Drive address. The affidavit also indicates that sometime after he searched Mr. Howard's 4041 Palmer Drive apartment, Officer Tribe learned from an unidentified source that he missed a large quantity of methamphetamine that had been hidden in the engine compartment of Howard's Dodge Ram Charger.

Mr. Howard correctly points out that the mere fact that the Ram Charger was parked in front of his previous residence at 4041 Palmer Drive is insufficient to support a finding of probable cause. *See United States v. Tuter*, 240 F.3d 1292, 1297 (10th Cir. 2001) (noting that a description of the vehicles at a particular home does not automatically amount to "any special knowledge of what goes on inside the home"); *United States v. Soto-Cervantes*, 138 F.3d 1319, 1323 (10th Cir. 1998) ("The verification of facts readily observable to anyone on the street,

without more, is insufficient to support a reasonable suspicion that criminal conduct is occurring."). In the present case, Officer Tribe's affidavit contained more than just the simple, innocuous fact that Mr. Howard parked his vehicle in front of his then residence. At the very least, the affidavit also stated that the same vehicle was involved in a drug transaction involving Mr. Howard's live-in girlfriend that occurred in the immediate vicinity of Mr. Howard's apartment, and that Mr. Howard was expecting a large shipment of methamphetamine that very well might be transported in Mr. Howard's Ram Charger.

Finally, Mr. Howard argues that the most serious allegation linking his vehicle to the illegal activity–the statement that Officer Tribe learned after the fact that methamphetamine had been hidden in the Ram Charger's engine compartment–should be disregarded because the affidavit is completely silent as to the source of this critical information. An issuing judge, however, is not prevented from according such information some weight in making a common-sense and practical probable cause determination. *See United States v. Corral*, 970 F.2d 719 (10th Cir. 1992) ("There is, moveover, no absolute requirement that law enforcement agents inquire into the source of the informant's information."). Rather, "[a]ll that is required to support probable cause is that enough information–beyond the mere conclusions of the affiant–be presented to the magistrate 'to enable him to make the judgment that the charges are not capricious and are sufficiently supported.'" *Gates*, 462 U.S. at 230 n.6 (quoting *Jaben v. United States*, 381 U.S. 214, 224-25 (1965)).

In seeking to apply this standard, the Court finds that the totality of the above evidence amounted to "enough information" supporting probable cause to search Mr. Howard's vehicle. The facts and circumstances presented in the affidavit linking the alleged drug activities and Mr.

Howard's Ram Charger are admittedly thin and a different magistrate may conceivably have found Officer Tribe's affidavit to be lacking in probable cause. The Court, however, must nevertheless afford "great deference" to the issuing judge's decision, and accordingly upholds his finding that there was probable cause to search Mr. Howard's white Ram Charger under these circumstances.

### III. The *Leon* Good Faith Exception

In the alternative, even if the search warrant were ultimately found to be lacking in probable cause, the Court would not suppress the seized evidence because Officer Tribe and the other police officers executing the warrant "acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate." *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000); *see United States v. Leon*, 468 U.S. 897, 918 (1984). Under *Leon*'s "good faith exception," the exclusionary rule does not apply when an officer acted "in objectively reasonable reliance on a subsequently invalidated search warrant." *Leon*, 468 U.S. at 922; *see also United States v. Rowland*, 145 F.3d 1194, 1206 (10th Cir. 1998) ("In *Leon*, the Supreme Court modified the Fourth Amendment exclusionary rule by holding that evidence seized pursuant to a search warrant later found to be invalid need not be suppressed if the executing officers acted in objectively reasonable, good-faith reliance on the warrant.").

To determine whether Officer Tribe's reliance on the warrant was objectively reasonable, a reviewing court must "examine the text of the warrant and the affidavit to ascertain whether the agents might have reasonably presume[d] it to be valid." *United States v. McKneely*, 6 F.3d 1447, 1454 (10th Cir. 1993). Because there is a presumption that an officer's reliance on a warrant is in good faith, *see United States v. Cardall*, 773 F.2d 1128, 1133 (10th Cir. 1985), the

contents of the affidavit and warrant must be devoid of factual support, not merely legally insufficient. *See United States v. McKneely*, 6 F.3d 1447, 1454 (10th Cir. 1993) ("It is only when [an officer's] reliance was wholly unwarranted that good faith is absent.").

In the present case, there is nothing to indicate that Officer Tribe would have had any reason to believe the search was illegal despite Judge Lambert's finding of probable cause. Indeed, the affidavit contains several pages of considerable detail setting forth the facts and circumstances that led Officer Tribe to reasonably believe that Mr. Howard and Ms. Davis were involved in the distribution of illegal drugs and that further led him to believe there was a fair probability that evidence of this activity would be found both at the 462 Doxey Street address and in Mr. Howard's white Dodge Ram Charger. The factual basis provided in the affidavit renders Officer Tribe's reliance upon the subsequently issued search warrant objectively reasonable. Accordingly, the good faith exception applies.

IT IS THEREFORE ORDERED that the defendant MICHAEL RAY HOWARD's motion to suppress is DENIED.

DATED this 15th day of April, 2009

BY THE COURT:

_____
Dee Benson
United States District Judge